**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION AT JACKSON**

**GRANGE MUTUAL CASUALTY**
**COMPANY,**

      **Plaintiff,**

Vs.                                                                   **Docket No.:**
                                                                              **Judge:**

**BRAD CROUCH and RODGER**
**COFFMAN, d/b/a C&C CONSTRUCTION**
**JOHN H. ALLEN, JOSH ALLEN,**
**and JOHN H. ALLEN CONSTRUCTION**
**COMPANY, INC.,**

      **Defendants.**

___

**COMPLAINT FOR DECLARATORY JUDGMENT**
___

Comes now Plaintiff, Grange Mutual Casualty Company, by and through Counsel, and for its Complaint for Declaratory Judgment would state and show unto this Court as follows:

1. Grange Mutual Casualty Company ("Grange") is an Ohio Corporation with its principal place of business located in Columbus, Ohio.

2. Defendants Brad Crouch and Rodger Coffman d/b/a C&C Construction were at all times pertinent operating as a joint venture with their principal place of business located at 173 Chronicles Drive, Medina, Tennessee 38358.

3. Defendant Josh Allen is a resident and citizen of Jackson, Madison County, Tennessee and may be served with process at his residence located at 21 Belle Trace Cove, Jackson, TN 38305.

4. Defendant John H. Allen is a resident and citizen of Jackson, Madison County, Tennessee and may be served with process at 156-A Airways Blvd., Jackson, TN 38301.

5. Defendant John H Allen Construction Company, Inc. is a Tennessee corporation and may be served with process through its registered agent, John H. Allen, at 156 Airways Boulevard, Jackson, Tennessee 38301.

6. Plaintiff brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 and Rule 57 of the Federal Rules of Civil Procedure. This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1332 as it is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

7. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391, and Local Rule of Court 77.1(c), because it is the district in which a substantial part of the events giving rise to the claim occurred and in which Defendants reside.

8. On or about January 20, 2012, Defendants Brad Crouch and Roger Coffman d/b/a C&C Construction completed an application for a policy of insurance to be issued through Plaintiff Grange.

9. Brad Crouch signed the completed application as agent for C&C Construction and dated the same January 24, 2012.

10. Based upon the information contained in the application for insurance, Plaintiff issued a Contractors and Tradesmen Policy of insurance to Defendants Brad Crouch and Roger Coffman d/b/a C&C Construction (hereinafter "C&C") bearing policy number CT 2993974-00 with effective dates of January 19, 2012 through January 19,

2013. (Copy attached hereto as **Exhibit 1**). This policy was in full force and effect on or about February 24, 2012 and at all times pertinent hereto.

11. On June 19, 2007, John H. Allen purchased the "First Baptist" building in downtown Jackson, Tennessee, located at 402-406 East Lafayette, and it was deeded in the name of John H. Allen and Josh Allen. On or about that same date, the property was deeded from John H. Allen and Josh Allen to the Jackson Downtown Revenue Finance Corporation who then leased the property to John H. Allen and Josh Allen.

12. In about February 2012, a wind storm damaged the First Baptist building.

13. Following the wind damage to the roof of the building, John Allen and Josh Allen hired John Allen Construction Company, Inc. to perform repairs to the roof.

14. In turn, John Allen Construction Company, Inc. hired C&C construction as a subcontractor to repair the First Baptist building roof. That work was performed in part on February 24, 2012 by C&C Construction.

15. On February 24, 2012, a fire damaged the "First Baptist" building in downtown Jackson, Tennessee.

16. Following the fire, Plaintiff Grange investigated the loss.

17. At that time, Plaintiff discovered that the application for insurance completed, signed and submitted by and/or on behalf of C&C Construction contained material misrepresentations related specifically to the type of roofing to be performed by C&C Construction and which was actually being performed by C&C Construction on the date of the fire at issue.

18. On March 5, 2013, a Complaint for property damage was filed in the Circuit Court of Madison County, Tennessee by John H. Allen and Josh Allen seeking

recovery for damage to a building against Brad Crouch and Rodger Coffman d/b/a C&C Construction and John H. Allen Construction Company, Inc. (hereinafter "JAC"). The Complaint seeks recovery in an amount in excess of three million dollars ($3,000,000.00) and bears docket number C-13-51. (Copy attached hereto as **Exhibit 2**).

19. The state court Complaint alleges that John H. Allen and Josh Allen hired JAC to perform repairs to the "First Baptist" building in downtown Jackson, Tennessee following some wind damage to that building that occurred in January or February 2012. JAC then subcontracted with C&C to perform the roof repair, according to the Complaint. The Complaint further alleges that C&C was negligent in the performance of the roof repair work resulting in a fire that destroyed the "First Baptist" building and damaged a neighboring property owned by John H. Allen referred to as the "Larue" property. The Complaint seeks to recover damages from C&C as well as JAC.

20. Defendants Brad Crouch and Roger Coffman d/b/a C&C Construction demanded a defense and indemnity from Plaintiff Grange Mutual Casualty Company.

21. Plaintiff contends that it owes no defense or indemnity under its policy of insurance to Defendants Brad Crouch and Roger Coffman d/b/a C&C Construction with regard to the underlying tort litigation. Therefore, an actual, justiciable controversy exists relating to the legal rights and duties of the parties named herein.

22. The Contractors and Tradesmen policy of insurance, number CT 2993974-00, issued by Plaintiff to Defendants Brad Crouch and Roger Coffman d/b/a C&C Construction states in part:

**SECTION II LIABILITY**
**A. Coverages**
    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and

advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply….

B. **Exclusions**
   1. **Applicable To Business Liability Coverage**
      This insurance does not apply to:
      . . .
      k. **Damage To Property**
         "Property damage" to:
         (**1**) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;
         (**2**) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;
         (**3**) Property loaned to you;
         (**4**) Personal property in the care, custody or control of the insured;
         (**5**) That particular part of real property on which you or any contractor or subcontractor working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
         (**6**) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
         . . .

         Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

         Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

      m. **Damage to Your Work**
         "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."
   . . .

F. **Liability And Medical Expenses Definitions**
. . .
13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
. . .
16. "Products-completed operations hazard:"

      **a**. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
        (1) Products that are still in your physical possession; or
        (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
          (a) When all of the work called for in your contract has been completed.
          (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
          (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.
        Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed….

**17.** "Property damage" means:
      **a**. Physical injury to tangible property, including all resulting los of use of that property….
. . .
**22.** "Your work:"
      **a.** Means:
        **(1)** Work or operations performed by you or on your behalf; and
        **(2)** Materials, parts or equipment furnished in connection with such work or operations.
      **b.** Includes:
        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and
        **(2)** The providing of or failure to provide warnings or instructions.

**SECTION III COMMON POLICY**
**CONDITIONS (APPLICABLE TO SECTION I**
**PROPERTY AND SECTION II LIABILITY)**
. . .
**C. Concealment, Misrepresentation Or Fraud**
This policy is void in any case of fraud by you as it relates to this policy at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:
1. This policy;
2. The Covered Property;
3. Your interest in the Covered Property; or
4. A claim under this policy.

    23.    Plaintiff contends and asserts that no defense or indemnity is owed to Brad Crouch and Roger Coffman d/b/a C&C Construction for the lawsuit brought by John H.

Allen and Josh Allen under the Contractors and Tradesmen policy of insurance, policy number CT 2993974-00, on the basis that the insured and/or its agent made material misrepresentations in the application for insurance related to the scope and type of work to be performed in its business operations in violation of the Concealment, Misrepresentation or Fraud provision of the policy as well as Tennessee Code Annotated section 56-7-103.

24. In the alternative, Plaintiff contends and asserts that no defense or indemnity is owed to Brad Crouch and Roger Coffman d/b/a C&C Construction for the lawsuit brought by John H. Allen and Josh Allen under the Contractors and Tradesmen policy of insurance, policy number CT 2993974-00, on the basis that exclusion "k(5)" obviates coverage. Specifically, the underlying tort complaint alleges that C&C was performing roofing work on behalf of JAC and that the roofing work caused the fire and subsequent property damage.

25. In the alternative, Plaintiff contends and asserts that no defense or indemnity is owed to Brad Crouch and Roger Coffman d/b/a C&C Construction for the lawsuit brought by John H. Allen and Josh Allen under the Contractors and Tradesmen policy of insurance, policy number CT 2993974-00, on the basis that exclusion "k(6)" obviates coverage. Specifically, the underlying tort complaint alleges that C&C was performing roofing work on behalf of JAC and that the roofing work caused the fire and subsequent property damage. The underlying Complaint alleges that C&C performed this work negligently and inappropriately and that it was not yet complete at the time of loss.

26. In the alternative, Plaintiff contends and asserts that no defense or indemnity is owed to Brad Crouch and Roger Coffman d/b/a C&C Construction for the lawsuit brought by John H. Allen and Josh Allen under the Contractors and Tradesmen policy of insurance, policy number CT 2993974-00, on the basis that exclusion "m" obviates coverage. Specifically, the underlying tort complaint alleges that C&C was performing roofing work on behalf of JAC and that the roofing work caused the fire and subsequent property damage.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Grange Mutual Casualty Company prays:

1. That process issue and be served upon the Defendants requiring each of them to answer this Complaint for Declaratory Judgment;

2. For a declaration of rights, obligations, and legal relations of the Plaintiff and Defendants by reason of the aforesaid policies of insurance;

3. For a declaration that Plaintiff is not obligated to furnish legal counsel or otherwise provide a defense on behalf of Defendants Brad Crouch and Roger Coffman d/b/a C&C Construction or any other party-defendant in the action filed by John H. Allen and Josh Allen pending in the Madison County Circuit Court, docket number C-13-51;

4. For a declaration that no coverage is afforded under the insurance policy issued to Defendants Brad Crouch and Roger Coffman d/b/a C&C Construction, number CT2993974-00, for the claims and demands made in the action filed by John H. Allen and Josh Allen pending in the Madison County Circuit Court, docket number C-13-51;

5. For the costs of this cause; and

6. For such other relief to which Plaintiff may be entitled under the facts and circumstances of this cause.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.

By: s/Russell E. Reviere_____
RUSSELL E. REVIERE , BPR #07166
JONATHAN D. STEWART, BPR #023039
*Attorneys for Plaintiff Grange Mutual Casualty Company*
209 E. Main Street
P.O. Box 1147
Jackson, TN  38302-1147
(731) 423-2414