# John H. Allen Company, Inc.

## General Contractor
156-A Airways Blvd.
Jackson, TN 38301
Phone: (731) 427-1120
Fax: (731) 427-0853

Insurance Restoration, Residential and Commercial Renovation

DATE: 3/7/13            TIME: _____   NO. PAGES: 9
(Including this page)

FAXED TO: Allison Ins Groups

ATTENTION: Chris Allison

FROM: John Allen

SUBJECT/CLAIM NUMBER: _____

COMMENTS: Chris, I was served this morning and need to get action started. Please contact LeRange.

Thanks
John

FULL SERVICE REMODELERS          CONTENTS CLEANING
ELECTRICAL CONTRACTORS           ODOR ELIMINATION
PLUMBING CONTRACTORS             PAINTING CONTRACTORS
ROOFING CONTRACTORS              FLOORING CONTRACTORS

**24-HOUR EMERGENCY SERVICE AVAILABLE**



# STATE OF TENNESSEE
## CIRCUIT COURT OF MADISON COUNTY, TENNESSEE
## AT JACKSON

| | |
|---|---|
| JOHN H. ALLEN and JOSH ALLEN,<br>Plaintiffs, | ) SUMMONS IN A CIVIL ACTION<br>)<br>) |
| vs. | ) No. C-13-51<br>) |
| BRAD CROUCH and RODGER<br>COFFMAN, d/b/a C & C<br>CONSTRUCTION and JOHN H.<br>ALLEN CONSTRUCTION COMPANY,<br>INC.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>) |

To the above named Defendant(s): **JOHN H. ALLEN CONSTRUCTION COMPANY, INC., Please Serve Its Agent: John H. Allen, 156 Airways Boulevard, Jackson, TN 38301**

You are hereby summoned and required to answer, in writing, the complaint which is herewith served upon you, and to serve a copy of same upon **LEWIS L. COBB**, who is Plaintiffs' Attorney, whose address is **312 E. Lafayette Street, Jackson, Tennessee 38301**, within thirty (30) days after service of this summons upon you, exclusive of the date of service. If you fail to do so, a judgment by default will be taken against you for the relief demanded in the complaint.

Issued this ___5___ day of March, 2013.

KATHY BLOUNT, Circuit Court Clerk

By: _____
Deputy Clerk

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the ___7___ day of ___March___, 2013, I served this summons together with a copy of the complaint herein as follows: _____

_____

Will Polk
Sheriff
D/S By /s/ ___ 7157
Deputy Sheriff
Rusky

IF YOU HAVE A DISABILITY AND REQUIRE ASSISTANCE, PLEASE CALL 731-983-3070

IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE
AT JACKSON

FILED
MAR 0 5 2013
KATHY BLOUNT, CIRCUIT COURT CLERK
DEPUTY CLERK
A.M. 3:32 P.M.

JOHN H. ALLEN and JOSH ALLEN,

Plaintiffs,

vs.       No. C-13-51 DivI

BRAD CROUCH and RODGER COFFMAN,
d/b/a C & C CONSTRUCTION and JOHN H.
ALLEN CONSTRUCTION COMPANY, INC.,

Defendants.

## COMPLAINT

COME NOW the Plaintiffs, John H. Allen and Josh Allen, and file this Complaint for property damage against the Defendants, John H. Allen Construction Company, Inc. and Brad Crouch and Rodger Coffman, d/b/a C & C Construction, and in support thereof would state and show as follows:

### Parties and Jurisdiction

1. John H. Allen and Josh Allen are owners as tenants in common of the property located at 402-406 East Lafayette Street, Jackson, Madison County, Tennessee and commonly known as the "First Baptist Church Sanctuary" (hereinafter referred to as the "Church Sanctuary".

2. John H. Allen is the owner of the property at 416 East Lafayette Street, Jackson, Madison County, Tennessee and commonly known as the "Suites of Larue" (hereinafter referred to as the "Larue Property."

1

3. The Defendants, Brad Crouch and Rodger Coffman, operate a roofing company and do business as C & C Construction. Their place of business is located at 173 Chronicles Drive, Medina, Tennessee 38358. This business is neither a corporation nor limited liability company.

4. John H. Allen Construction Company, Inc. is a corporation organized under the laws of the State of Tennessee and is engaged in the construction business. Its agent for service of process is: John H. Allen, 156 Airways Boulevard, Jackson, Tennessee 38301.

5. The events which gave rise to this litigation occurred in Madison County, Tennessee. Therefore, this Court has jurisdiction and venue.

6. The Church Sanctuary was a building originally constructed around 1837 for the First Baptist Church of Jackson, Tennessee.

7. John H. Allen and his son, Josh Allen, have for some time been engaged in renovating and remodeling properties in downtown Jackson.

8. In many of these projects, Allen develops the space for commercial occupancy on the ground floor and residential apartments on the upper floors.

9. John H. Allen and Josh Allen had similar plans for the Church Sanctuary property.

10. In late January or early February 2012, high winds caused damage to the roof of the Church Sanctuary.

11. When John H. Allen and Josh Allen discovered damage to the roof, they hired John H. Allen Construction Company, Inc. to repair the damaged portions of the roof.

12. John H. Allen Construction Company, Inc. contracted with C & C Construction to perform the actual repairs to the roof.

13. On February 24, 2012, C & C Construction began repair of the roof on the Church Sanctuary around 8:15 a.m.

14. The roof repair process that C & C Construction chose required using propane torches with open flames to heat the rubber material on the roof. The use of these torches was standard practice within the industry to create a water-tight bond.

15. The winds on February 24, 2012 were approximately 15 to 20 miles per hour.

16. Sometime that morning, C & C Construction employees accidentally started a fire on the Church Sanctuary roof with the use of the torches.

17. C & C Construction employees believed they had extinguished the fire and continued the roofing operation.

18. At approximately 11:15 a.m., all of the C & C Construction employees left the Church Sanctuary premises to eat lunch.

19. C & C Construction employees did not leave anyone behind on the roof, or in the building below, to watch for the possible rekindling of fires.

20. At approximately 11:37 a.m., the Jackson Fire Department was notified that there was a fire on the roof of the Church Sanctuary.

21. The Jackson Fire Department responded within minutes and began fighting the fire.

22. Shortly after the Jackson Police Department began fighting the fire, the golden dome of the roof collapsed, crashing through the floors below, thereby making it impossible for firefighters to remain on the roof to continue fighting the fire.

23. The collapse of the Church Sanctuary roof forced all firefighters to evacuate the building.

24. After the roof collapse, the flames were so intense that it was impossible to extinguish this fire, and the firefighting efforts were then devoted to saving the adjacent structures.

25. The Larue Property is located adjacent to the Church Sanctuary property. The fire which destroyed the Church Sanctuary also caused significant damage to the Larue Property.

26. As a result of C & C Construction's decisions regarding the roof repair and decision to leave the structure unmonitored following the initial fire, the roof fire rekindled, the Church Sanctuary caught on fire and was totally destroyed, and the Larue Property suffered significant damage.

27. As a result of the destruction of the Church Sanctuary, John H. Allen and Josh Allen have sustained substantial compensable losses including a loss of value of the Church Sanctuary property, the cost of demolition of the Church Sanctuary, loss of use of the Church Sanctuary and other consequential and incidental damages which may be shown at the time of trial.

28. As a result of the fire which destroyed the Church Sanctuary property, John H. Allen has sustained substantial compensable losses including loss of value of the Larue Property, the cost of repairs to the Larue Property, the loss of use of the Larue Property, and other consequential and incidental damages which may be shown at the time of trial.

## Causes of Action

### Negligence

29. The Plaintiffs rely on the facts as stated in previous paragraphs and state that the Defendant C & C Construction was negligent to John H. Allen and Josh Allen for starting and failing to extinguish a fire during the repair of the Church Sanctuary roof.

30. The Defendant C & C Construction had a duty to repair the roof in a commercially reasonable manner and to not cause fires.

31. The Defendant C & C Construction had a further duty to extinguish any fire started.

32. The Defendant C & C Construction had a further duty to monitor the Church Sanctuary roof for a minimum of two hours to ensure that the fire did not reignite spontaneously.

33. The Defendant C & C Construction had a duty to exercise reasonable care, good workmanship and practices, and materials in repair of the Church Sanctuary.

34. The Defendant C & C Construction breached that duty by using defective methods of workmanship, and/or inferior materials, and/or inferior process and procedures for causing the fire, failing to prevent the fire, failing to fully extinguish the fire, and failing to monitor the premises to insure the fire did not reignite.

35. Further, the Defendant C & C's decision to perform hot torch roof repairs on the Church Sanctuary outdoors during an extremely windy day without a proper fire watch was negligence.

36. Further, the Defendant C & C's negligence led to the damage of Plaintiff John H. Allen's adjacent Larue Property.

37. The Defendants failed to act within the applicable standard of care for the roofing work for which they were engaged.

38. Said failure is negligence.

39. The Defendant's negligence was the actual and proximate cause of Plaintiffs' damages.

40. As a result of the Defendant's negligence, the Plaintiffs have been damaged, and the Defendant should be held liable.

### Breach of Warranty

41. The Plaintiffs rely upon the previous paragraphs and incorporate them in the Count II, Breach of Warranties claim and stated and show as follows:

42. The Defendant breached the implied warranty of merchantability with respect to the repairs to the Church Sanctuary.

43. The Defendant breached the implied warranty of fitness for a particular purpose with respect to repairs to the Church Sanctuary.

44. The Defendant breached the implied warranty and habitability with respect to the repairs to the Church Sanctuary.

45. The Defendant's poor and unsatisfactory workmanship, and the use of deficient materials and processes constitute a breach of implied warranty of good workmanship and materials implicit in all construction contracts in the State of Tennessee.

46. The Defendant breached the implied warranty of good workmanship and materials by using defective methods and/or inferior materials and/or inferior methods in providing construction services to the Church Sanctuary Property, all of which resulted in damages to Plaintiffs.

47. As a result, Plaintiffs have sustained damages as a result of Defendant's breaches.

WHEREFORE, in light of the previously pled facts and theories of liability, Plaintiffs request that this Court:

1. Award compensatory damages to John H. Allen and Josh Allen in an amount up to $2 million dollars for damages to the Church Sanctuary property;

2. Award compensatory damages to John H. Allen in an amount up to $1 million dollars for damages to the Larue Property

3. Award costs of this cause to the Plaintiffs;

4. Award pre and post-judgment interest to Plaintiffs;

5. Award such other further and general relief to which Plaintiffs may be entitled.

Respectfully submitted,

SPRAGINS, BARNETT & COBB, PLC

By: _____
LEWIS L. COBB - #005369
Attorneys for Defendant
P.O. Box 2004
Jackson, TN 38302
(731) 424-0461

### COST BOND

We stand as sureties for costs in this cause.

SPRAGINS, BARNETT & COBB, PLC

By: _____
Lewis L. Cobb

7